UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:19-cr-162-T-24-CPT

46 U.S.C. §§ 70503(a) and
70506(a) and (b)

ANGEL ABEL QUIJIJE-MERO, and
CARLOS ARMANDO BAILÓN-MERO,

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown date, continuing through on or about March 31, 2019, while upon the high seas on board a vessel subject to the jurisdiction of the United States, the defendants,

ANGEL ABEL QUIJIJE-MERO, and
CARLOS ARMANDO BAILÓN-MERO,,

did knowingly, willfully, and intentionally conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 960(b)(1)(B)(ii).

All in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

From an unknown date, continuing through on or about March 31, 2019, while upon the high seas on board a vessel subject to the jurisdiction of the United States, the defendants,

ANGEL ABEL QUIJIJE-MERO, and
CARLOS ARMANDO BAILÓN-MERO,,

did knowingly and intentionally aid and abet each other in possessing with intent to distribute a controlled substance, which violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 960(b)(1)(B)(ii).

In violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2. Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 46 U.S.C. § 70503, the defendants,

ANGEL ABEL QUIJIJE-MERO, and
CARLOS ARMANDO BAILÓN-MERO,,

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a), including but not limited to:

    a. Property furnished or intended to be furnished in exchange for a controlled substance;

    b. Property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and

    c. All moneys and conveyances used or intended to be used to commit, or to facilitate the commission of the alleged offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provision of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Michael C. Baggé-Hernández
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime Section

4

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ANGEL ABEL QUIJIJE-MERO, and
CARLOS ARMANDO BAILÓN-MERO

**INDICTMENT**

Violations:   46 U.S.C. §§ 70503(a) and
70506(a) and (b)

A true bill,

_____
Foreperson

Filed in open court this 11th day

of April 2019.

_____
Clerk

Bail $_____